**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHERMAN CLARK,

    Defendant.
                                        /

Criminal Case No. 74-82906
Civil Case No. 11-15179

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255"
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Pending before the court is Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter has been fully briefed. The court will deny the motion.

**I. BACKGROUND**

Defendant was convicted of bank robbery in October 1975 and, while on fugitive status, committed a murder for which he is now serving a term of life imprisonment in the State of Georgia. A federal detainer is currently lodged against him on the (slim) possibility that Georgia ever releases him, ensuring that he will serve the approximately fifteen years that remain of his undischarged federal sentence. Defendant's petition alleges that "the only issue before this court is the removal of the detainer that has run its course past the time provided by law." He seeks an order removing it.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  The petitioner must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure," in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

A one-year period of limitation applies to all motions filed under 28 U.S.C. § 2255.  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## III.  DISCUSSION

Defendant's brief, handwritten, and only partially decipherable request provides no citation of authority—nor is the court aware of any—that would make legitimate a court order "removing" an administrative detainer. *Cf. Moody v. Daggett*, 429 U.S. 78, 87-88 (1976) (finding no constitutional injury stemming from undischarged warrant and detainer lodged against petitioner serving state sentence). In addition, the one-year period of limitation under § 2255 has long since expired, as the retainer was lodged more than a decade ago.

## IV.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal from this opinion and order may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. § 2255 Cases 11(a).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). After conducting the required inquiry and for the reasons stated above, the court is satisfied that jurists of reason would not find the court's ruling debatable. A certificate of appealability is therefore not warranted in this case.

## V.  CONCLUSION

IT IS ORDERED that Defendant's "Motion To Vacate Sentence Under 28 U.S.C. § 2255" [Dkt. # 2] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

                                       s/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 15, 2012, by electronic and/or ordinary mail.

                                       s/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522